Robert Nida (Bar No. 196081)
Matthew J. Luce (Bar No. 167381)
**NIDA & ROMYN, P.C.**
**A Professional Law Corporation**
8383 Wilshire Boulevard, Suite 810
Beverly Hills, California 90211-2425
Telephone:   (310) 286-3400
Facsimile:    (310) 286-3404
rnida@nidaromyn.com
mluce@nidaromyn.com

Attorneys for Plaintiff, FISK ELECTRIC
COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

<table>
<tr><td>FISK ELECTRIC COMPANY, a Texas corporation,,<br><br>Plaintiff,<br><br>v.<br><br>WEBCOR/OBAYASHI JOINT VENTURE, a California joint venture; WEBCOR BUILDERS, INC., a California Corporation; OBAYASHI CORPORATION, a Japanese corporation; TRANSBAY JOINT POWERS AUTHORITY, a public entity; THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania corporation; AMERICAN HOME ASSURANCE COMPANY, a New York corporation; and DOES 1 through 50, inclusive,<br><br>Defendants.</td><td>**Case No. 3:18-cv-07671**<br><br>**FISK ELECTRIC COMPANY'S COMPLAINT FOR:**<br><br>**1.  BREACH OF CONTRACT;**<br><br>**2.  BREACH OF WARRANTY OF PLANS AND SPECIFICATIONS;**<br><br>**3.  QUANTUM MERUIT;**<br><br>**4.  ENFORCEMENT OF STOP PAYMENT NOTICE–PUBLIC WORKS;**<br><br>**5.  VIOLATION OF PROMPT-PAYMENT STATUTE; AND**<br><br>**6.  ENFORCEMENT OF PAYMENT BOND.**<br><br>**[DEMAND FOR JURY TRIAL]**</td></tr>
</table>

Plaintiff Fisk Electric Company, a Texas corporation ("Fisk"), alleges as follows:

## PARTIES

1.      Plaintiff Fisk is, and at all times herein mentioned was, a corporation duly formed, existing, and organized under the laws of the State of Texas, with its headquarters located in Houston, Texas.  At all times Fisk was authorized to conduct

Left margin (vertical text): NIDA & ROMYN, P.C.
A PROFESSIONAL LAW CORPORATION
www.nidaromyn.com
(310) 286-3400

6.9-5
Complaint

business in California, and was licensed by the California Contractors State License Board to perform the work alleged herein.

2.      Fisk is informed and believes and thereon alleges that TRANSBAY JOINT POWERS AUTHORITY ("TJPA") is, and at all times herein mentioned was, a public agency as defined by California Government Code section 6500, *et seq*., located in San Francisco, California.  The TJPA is a joint exercise of powers authority created by the City and County of San Francisco, the Alameda-Contra Costa Transit District, the Peninsula Corridor Joint Powers Board, the California High Speed Rail Authority, and Caltrans (ex officio).

3.      Fisk is informed and believes and thereon alleges that WEBCOR BUILDERS, INC. ("Webcor") is, and at all times herein mentioned was, a corporation duly existing and organized under the laws of the State of California, with its headquarters in San Francisco, California.  At all times Webcor was authorized to conduct business in California, and was licensed by the California Contractors State License Board to perform the work alleged herein.

4.      Fisk is informed and believes and thereon alleges that OBAYASHI CORPORATION ("Obayashi") is, and at all times herein mentioned was, a corporation duly existing and organized under the laws of the country of Japan, and registered with the Secretary of State of California as a foreign stock corporation, with its principal place of business located in Burlingame, California.  At all times Webcor was authorized to conduct business in California, and was licensed by the California Contractors State License Board to perform the work alleged herein.

5.      Fisk is informed and believes and thereon alleges that Webcor and Obayashi formed a joint venture for purposes of constructing the project at issue herein. WEBCOR/OBAYASHI JOINT VENTURE ("Joint Venture") is, and at all times herein mentioned was, a joint venture duly existing and organized under the laws of the State of California and doing business in the State of California.

6.      Fisk is informed and believes and thereon alleges that THE INSURANCE

NIDA & ROMYN, P.C.
A PROFESSIONAL LAW CORPORATION
www.nidaromyn.com
(310) 286-3400

COMPANY OF THE STATE OF PENNSYLVANIA ("ICSP") is, and at all times herein mentioned was, a corporation duly existing and organized under the laws of the State of Pennsylvania and doing business in the State of California.

7.     Fisk is informed and believes and thereon alleges that AMERICAN HOME ASSURANCE COMPANY ("AHAC") is, and at all times herein mentioned was, a corporation duly existing and organized under the laws of the State of New York and doing business in the State of California.

8.     DOES 1 through 50, inclusive, are sued herein under fictitious names. Fisk is ignorant of the true names or capacities of the defendants sued herein under the fictitious names DOE 1 through 50, inclusive.  When their true names and capacities are ascertained, Fisk will amend this Complaint by inserting their true names and capacities herein.  Fisk is informed and believes, and thereon alleges, that each of the fictitiously named defendants is in some fashion legally responsible for Fisk's damages. Fisk is informed and believes further, and thereon alleges that each of said fictitiously named DOE Defendants 1 through 50, inclusive, and each of them, was the agent, partner, alter ego, employee  and/or servant of Defendants, acting within the scope of such agency, partnership, alter ego and/or employment, and with the permission and consent of each of the other defendants, and each is in some manner legally responsible for, and proximately caused, any injuries and damages to Fisk alleged herein, and/or each otherwise has an interest in the matters adjudicated herein.

9.     At all times herein mentioned, each of the Defendants was the agent and employee of each of the remaining Defendants and was acting within the scope of such agency and employment.

## JURISDICTIONAL STATEMENT

10.     The jurisdiction of this Court over the subject matter of this action is predicted in a .  The amount in controversy exceeds $75,000, exclusive of interest and costs.

///

NIDA & ROMYN, P.C.
A PROFESSIONAL LAW CORPORATION
www.nidaromyn.com
(310) 286-3400

6.9-5
Complaint

**VENUE**

11.     Venue lies within this district because a substantial part of the events giving rise to this action occurred in this District and at least one of the Defendants is headquartered within the District.

**FACTUAL ALLEGATIONS**

12.     The present matter arose from the demolition of the former Transbay Terminal and the design and construction of the Transbay Transit Center Project in its place (the "Project").  The original scope of work on the Project was split into two phases whereby Phase 1 would include the design and construction of all above-grade elements of the Transbay Terminal, the ramps for bus access, and the ground slab and foundation systems necessary to allow for the future Phase 2 work.

13.     Fisk is informed and believes and thereon alleges that on or about March 12, 2009, TJPA and the Joint Venture entered into a written contract (the "Prime Contract") whereby the Joint Venture agreed to provide certain pre-construction services (the "Pre-Construction Services"), to serve as the construction manager/general contractor, and to manage/administer subcontracts with trade subcontractors (the "Trade Subcontractors") who would construct Phase 1 of the Project in accordance with the Contract Documents.

14.     On or about May 21, 2010, ICSP issued a payment bond, Bond No. 29-06-44 (the "Payment Bond") naming the Joint Venture and DOES 1 through 20, inclusive, as the principal, in the penal sum of $600,000,000 for the payment obligations of the Joint Venture and DOES 1 through 20, inclusive, on the Project.

15.     On or about February 19, 2014, AHAC and ICSP issued a rider amending the penal sum of the Payment Bond to $653,000,000.

16.     On or about October 7, 2014, AHAC and ICSP issued another rider amending the penal sum of the Payment Bond to $889,000,000.

17.     The Payment Bond, and the riders described above, are attached hereto and incorporated herein as **Exhibit A**.

NIDA & ROMYN, P.C.
A PROFESSIONAL LAW CORPORATION
www.nidaromyn.com
(310) 286-3400

18.     Fisk is informed and believes and thereon alleges that pursuant to the Prime Contract, the Joint Venture received a Notice to Proceed from TJPA in connection with the Project.

19.     Thereafter, on or about November 19, 2014, the Joint Venture and Fisk entered into a written Subcontract Agreement ("Joint Venture-Fisk Subcontract") pursuant to which Fisk agreed to furnish labor, materials, and equipment required by the Prime Contract for the Project's Electrical, Communications, Security and Integrated Networks.   The scope of work performed by Fisk on the Project is more fully described in the Joint Venture-Fisk Subcontract and "Contract Documents" referenced in the Prime Contract.   The payment amount of the Joint Venture-Fisk Subcontract was Eighty-Six Million Eight Hundred Thousand Dollars ($86,800,000). A true and correct copy of the Joint Venture-Fisk Subcontract is attached hereto, and incorporated herein as though fully set forth, as **Exhibit B**.

## <u>FIRST CAUSE OF ACTION</u>

### (For Breach Of Written Contract Against Joint Venture, Webcor, Obayashi, And DOES 1 Through 20, Inclusive)

20.     Fisk re-alleges each and every allegation contained in Paragraphs 1 through 19, inclusive, as though fully set forth herein.

21.     Pursuant to the terms of the Joint Venture-Fisk Subcontract, after receiving the Notice to Proceed and at the request of the Joint Venture, Webcor, Obayashi, and/or their agents, Fisk furnished labor, equipment, and materials that were used and intended to be used for Project.

22.     Under the terms of the Joint Venture-Fisk Subcontract, the Joint Venture, Webcor, and Obayashi agreed to pay Fisk the subcontract sum.   In addition, the Joint Venture, Webcor, and Obayashi expressly agreed to compensate Fisk for extra work required due to changed conditions, and for delays, disruption, and acceleration of the work of Fisk and its subcontractors and suppliers.

23.     On numerous occasions during construction, the Joint Venture, Webcor, ,

NIDA & ROMYN, P.C.
A PROFESSIONAL LAW CORPORATION
www.nidaromyn.com
(310) 286-3400

6.9-5
Complaint

Obayashi, and DOES 1 through 20, inclusive, made and/or directed changes in the work, interfered with the work of Fisk, and changes in conditions were discovered, all of which changed the nature and scope of the work and services anticipated in the Joint Venture-Fisk Subcontract.  As a result Fisk incurred additional expense and defendants the Joint Venture, Webcor, , Obayashi, and DOES 1 through 20, inclusive, ordered, directed, authorized, and required that Fisk provide additional work and services.  Compensation for said extra work and expense is provided for in the Joint Venture-Fisk Subcontract.

24.    Since commencing its work on the Project, Fisk has suffered substantial delays, extra work, disruption, and acceleration due to causes beyond Fisk's control.  In addition, Fisk has been compelled to dedicate additional staff to work increased hours and substantial overtime on the Project, without being compensated therefor.

25.    Fisk provided notice to defendants the Joint Venture, Webcor, Obayashi, and/or their agents, and DOES 1 through 20, inclusive, of the delay, extra work, disruption, and acceleration as it occurred.  As a result of the change orders, extra work, delays, disruption, and acceleration, there is currently due and owing to Fisk a sum of no less than $60 million, including unpaid portions of the original Joint Venture-Fisk Subcontract.

26.    Defendants the Joint Venture, Webcor, Obayashi, and DOES 1 through 20, inclusive, breached the Joint Venture-Fisk Subcontract by, among other things,

a.    failing to pay Fisk the full amount due and owing for the labor, materials, equipment, and incidentals furnished by Fisk for the Project pursuant to the Joint Venture-Fisk Subcontract and said written change orders, extra work, delays, disruption, and acceleration;

b.    failing to complete precedent work necessary to allow Fisk to timely perform its scope of work;

c.    failing to timely process Fisk's payment requests and make payments to Fisk in direct violation of the Joint Venture-Fisk Subcontract;

NIDA & ROMYN, P.C.
A PROFESSIONAL LAW CORPORATION
www.nidaromyn.com
(310) 286-3400

NIDA & ROMYN, P.C.
A PROFESSIONAL LAW CORPORATION
www.nidaromyn.com
(310) 286-3400

     d.      failing to timely process and pay Fisk's change order requests;

     e.      improperly de-scoping portions of the Joint Venture-Fisk Subcontract and assigning said work to other contractors in violation of California law;

     f.      failing to release retention proceeds; and

     g.      Asserting arbitrary and groundless offset claims against Fisk.

27.     Fisk has performed all covenants, obligations, and conditions precedent or concurrent to be performed by it pursuant to the Joint Venture-Fisk Subcontract, except to the extent that the performance of such covenants, obligations, and conditions have been excused or prevented by the acts or omissions of Defendant Joint Venture, Webcor, Obayashi, and DOES 1 through 20, inclusive.

28.     As a direct and/or proximate result of such breaches and others by the Joint Venture, Webcor, Obayashi, and DOES 1 through 20, inclusive, Fisk was required to and did incur damages in an amount to be proven at time of trial, but at least in the sum in excess of the jurisdictional limit, including, but not limited to, the cost of furnishing the labor, materials, equipment and incidentals for the Project.

## SECOND CAUSE OF ACTION

### (Breach of Implied Warranty of Plans and Specifications Against Joint Venture, Webcor, Obayashi, And DOES 1 Through 20, Inclusive)

29.     Fisk re-alleges each and every allegation contained in Paragraphs 1 through 28, inclusive, as though fully set forth herein.

30.     Fisk is informed and believes, and thereon alleges, that the Joint Venture, Webcor, Obayashi, and DOES 1 through 20, inclusive, developed and published the construction documents for use in estimating the cost of, submitting proposals for, and constructing the Project.

31.     Fisk and its subcontractors were entitled to rely upon the information contained in the construction documents in preparing their bids and execution plans for the Project.

32.     By publishing the contract documents, the Joint Venture, Webcor,

Obayashi, and DOES 1 through 20, inclusive, impliedly warranted that the documents were complete and accurate, and suitable for estimating the cost of, planning the time for, submitting proposals for, and constructing all aspects of the Project.

33.     Fisk is informed and believes, and thereon alleges, that the Joint Venture, Webcor, Obayashi, and DOES 1 through 20, inclusive, breached this implied warranty of the plans and specifications in that the plans and specifications contained errors, omissions, and conflicts, and were otherwise unsuitable for estimating the cost of, calculating the time for, submitting proposals for, and constructing the Project. Fisk and its subcontractors relied upon the plans and specifications in estimating the cost of, submitting proposals for, calculating the time for, and negotiating the pricing of the work, and would have demanded different terms had they known the true condition of the plans and specifications. As a direct and proximate result of the breach by the Joint Venture, Webcor, Obayashi, and DOES 1 through 20, inclusive, of the implied warranty of the plans and specifications, Fisk itself, and Fisk's subcontractors, suffered damages in that they were forced to furnish additional materials and equipment and to perform additional work and to incur additional costs to perform the work in an amount subject to proof at trial, but in excess of the jurisdictional minimum.

## THIRD CAUSE OF ACTION

### (Quantum Meruit Against Joint Venture, Webcor,

### Obayashi, And DOES 1 Through 20, Inclusive)

34.     Fisk re-alleges each and every allegation contained in Paragraphs 1 through 33, inclusive, as though fully set forth herein.

35.     By virtue of the actions of Defendants Joint Venture, Webcor, Obayashi, and DOES 1 through 20, inclusive, as alleged herein, and Fisk's performance of work on the Project, Defendants Joint Venture, Webcor, Obayashi, and DOES 1 through 20, inclusive, have been unjustly enriched at Fisk's expense, under circumstances making it inequitable for them to retain the benefits of Fisk's performance without compensation therefor.  Due to the failure of consideration, restitution is therefore sought by Fisk, in

NIDA & ROMYN, P.C.
A PROFESSIONAL LAW CORPORATION
www.nidaromyn.com
(310) 286-3400

1  an amount subject to proof at trial, but in excess of the jurisdictional minimum.

2  **FOURTH CAUSE OF ACTION**

3  **(Enforcement of Stop Payment Notice – Public Works Against**

4  **Joint Venture, TJPA, And DOES 1 Through 25, Inclusive)**

5  36.    Fisk re-alleges the allegations set forth in Paragraphs 1 through 35,

6  inclusive, as though set forth herein at length.

7  37.    Pursuant to the Joint Venture-Fisk Subcontract, Fisk furnished to the Joint

8  Venture, DOES 1 through 20, inclusive, TJPA, and DOES 21 through 25, inclusive,

9  certain labor, services, equipment and materials to be utilized in the construction of the

10  Project.  The entirety of said labor, services, equipment and materials furnished by Fisk

11  were consumed within the Project.

12  38.    Prior to the expiration of the period within which a claim of stop notice for

13  a public work of improvement must be filed and pursuant to *Civil Code* §9356, on or

14  about June 12, 2018, Fisk served a Stop Payment Notice – Public Works to TJPA and

15  the Joint Venture for the amount of Eleven Million Eight Hundred Thirty-Two

16  Thousand Three Hundred Forty-Six Dollars and 52 Cents ($11,832,346.52) plus

17  interest at the highest legal rate which remained due and owing to Fisk for said labor,

18  services, equipment, and material furnished by Fisk to or for the Joint Venture on the

19  Project (the "Stop Notice").  A true and correct copy of the Stop Notice  is attached

20  hereto, and incorporated herein as though fully set forth, as **Exhibit C**.

21  39.    As a result of the failure of the Joint Venture, DOES 1 through 20,

22  inclusive, TJPA, and DOES 21 through 25, inclusive, to perform each and every term

23  and condition of the Joint Venture-Fisk Subcontract, the Joint Venture, DOES 1

24  through 20, inclusive, TJPA, and DOES 21 through 25, inclusive, are obligated to pay

25  to Fisk the principal sum or an amount subject to proof at trial, together with penalties,

26  interest and damages thereon as they continue to accrue, according to proof.

27  40.    Fisk has performed all of the conditions precedent or concurrent to be

28  performed by it pursuant to the Stop Payment prior to filing this action.

NIDA & ROMYN, P.C.
A PROFESSIONAL LAW CORPORATION
www.nidaromyn.com
(310) 286-3400

6.9-5
Complaint

## FIFTH CAUSE OF ACTION

### (Violation of Prompt-Payment Statute Against Joint Venture, Webcor, Obayashi, And DOES 1 Through 20, Inclusive)

41.     Fisk re-alleges each and every allegation contained in Paragraphs 1 through 40, inclusive, as though fully set forth herein.

42.     Fisk is informed and believes and thereon alleges that TJPA has paid to the Joint Venture, Webcor, Obayashi, and DOES 1 through 20, inclusive, certain progress payments and retention monies that should have been timely paid to Fisk in an amount subject to proof at trial, but in excess of the jurisdictional minimum.

43.     The failure of the Joint Venture, Webcor, Obayashi, and DOES 1 through 20, inclusive, to timely pay Fisk in full for the progress payments which the Joint Venture, Webcor, Obayashi, and DOES 1 through 20, inclusive, have received from TJPA for Fisk's work on the Project represents a violation of *Business and Professions Code* §7108.5 as well as *Public Contract Code* §§7107 and 10262.5 and any other applicable code or statute.

44.     As a result of said wrongful failure of the Joint Venture and DOES 1 through 20, inclusive, to pay Fisk, Fisk is entitled to recover, in addition to the wrongfully withheld payments, penalties,  interest at the legal rate, and costs available and due pursuant to code, statute, and/or contract according to proof.

## SIXTH CAUSE OF ACTION

### (Enforcement Of Payment Bond Against Joint Venture, ICSP, AHAC, And DOES 1 Through 20 and 26 through 50, Inclusive)

45.     Fisk re-alleges each and every allegation contained in Paragraphs 1 through 44, inclusive, as though fully set forth herein.

46.     Fisk is informed and believes and thereon alleges that ICSP, AHAC, and DOES 26 through 50, inclusive, are, and all times herein mentioned were, engaged in the business of issuing surety bonds in connection with construction projects, and issued a certain payment bond in connection with the Project pursuant to *Civil Code*

NIDA & ROMYN, P.C.
A PROFESSIONAL LAW CORPORATION
www.nidaromyn.com
(310) 286-3400

§9550 *et seq.* [formerly *Civil Code* §3247.]

47.     Fisk is informed and believes and thereon alleges that the Joint Venture, and DOES 1 through 20, inclusive, as principal, and ICSP, AHAC, and DOES 26 through 50, inclusive, as sureties, made and executed the Payment Bond.

48.     Fisk is informed and believes and thereon alleges that the Payment Bond was thereafter filed and approved by TJPA and is still in full force and effect.

49.     The Payment Bond was expressly conditioned, and provided that, if the Contractor (the Joint Venture) failed to pay for any materials, provisions, provender, or other supplies, or teams, used in, upon, for or about the performance of the Work contracted to be done with respect to such work and labor in connection with the Project, the sureties on said Payment Bond would pay the same and reasonable attorneys' fees to be determined by the court.

50.     Due to the failure of the Joint Venture and DOES 1 through 20, inclusive, to pay the sums due and owed to Fisk and its subcontractors and suppliers for the labor, materials and equipment furnished by them for the Project, Fisk has incurred damages and costs and also has been required to pay the sums due said subcontractors and suppliers in an amount according to proof.

51.     As a result, the Joint Venture and DOES 1 through 20, inclusive, as principal of, and ICSP, AHAC, and DOES 26 through 50, inclusive, as sureties of the Joint Venture, on said Payment Bond, are obligated to pay to Fisk, as beneficiary and also as assignee of the claims of said subcontractors and suppliers against the Joint Venture and DOES 1 through 20, inclusive, the principal sum(s) or an amount(s) subject to proof at trial, together with all penalties, interest and damages thereon as they continue to accrue, plus reasonable attorneys' fees and costs, according to proof.

52.     In the preparation and institution of these proceedings, Fisk has employed Nida & Romyn as its attorneys and Fisk is entitled to recover its attorneys' fees and costs pursuant to contract and applicable law including *Civil Code* §9564 according to proof.

1    WHEREFORE, Fisk prays as follows for all causes of action:

2  **ON THE FIRST, SECOND, THIRD, AND FOURTH CAUSES OF ACTION:**

3    1.    For actual damages in an amount subject to proof at trial;

4  **ON THE FIFTH AND SIXTH CAUSES OF ACTION:**

5    2.    For actual damages in an amount subject to proof at trial;

6    3.    For penalties in an amount permitted by law or contract subject to proof at

7  trial;

8    4.    For reasonable attorneys' fees in an amount subject to proof at trial;

9  **ON ALL CAUSES OF ACTION:**

10   5.    For prejudgment interest on the sums due Fisk at the maximum rate

11 permitted by law;

12   6.    For Fisk's costs of suit herein; and

13   7.    For such further relief as the Court deems just and proper.

14 DATED:  December 21, 2018        NIDA & ROMYN, P.C.
                                    A Professional Law Corporation

15

16

17                                  By:    _____/s/_____

18                                         Matthew J. Luce
                                           Attorneys for FISK ELECTRIC COMPANY

19

20

21

22

23

24

25

26

27

28

NIDA & ROMYN, P.C.
A PROFESSIONAL LAW CORPORATION
www.nidaromyn.com
(310) 286-3400

6.9-5
Complaint

1

## DEMAND FOR JURY TRIAL

2

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil

3

Procedure.

4

DATED:  December 21, 2018          NIDA & ROMYN, P.C.
                                   A Professional Law Corporation

5

6

7

                                   By: _____/s/_____

8

                                   Matthew J. Luce
                                   Attorneys for FISK ELECTRIC COMPANY

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NIDA & ROMYN, P.C.
A PROFESSIONAL LAW CORPORATION
www.nidaromyn.com
(310) 286-3400

6.9-5
Complaint