UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FISK ELECTRIC COMPANY,<br>　　　　Plaintiff,<br>　　v.<br>WEBCOR BUILDERS, INC., et al.,<br>　　　　Defendants. | Case No. 18-cv-07671-EMC<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS**<br><br>Docket No. 24 |

Plaintiff Fisk Electric Company ("Fisk") has filed suit against multiple defendants, including Webcor/Obayashi Joint Venture ("WO Joint Venture"); Webcor Construction L.P.[1] ("Webcor"); and Obayashi Corporation. Currently pending before the Court is a motion to dismiss filed by the three defendants identified above. Defendants argue that the breach-of-contract claim, as well as the claim for violation of prompt-payment statute, are properly pled against the WO Joint Venture only, and not the joint venture members Webcor and Obayashi.[2]

There is no dispute that the two causes of action above are predicated on a contract between Fisk and the WO Joint Venture. There is also no dispute that Webcor and Obayashi are not parties to the contract (*i.e.*, only Fisk and the WO Joint Venture are parties to the agreement).

---

[1] Fisk actually sued Webcor Builders, Inc. but the parties have now agreed that this was an error and the proper name of the Webcor entity is Webcor Construction L.P. *See* Mot. at 1; Opp'n at 2 n.1.

[2] In the pending motion, Defendants initially moved to dismiss the first, second, third, and fifth causes of action. After the parties met and conferred, Fisk agreed to withdraw quantum meruit claim and further agreed to "incorporate the breach of implied warranty claim into the breach of contract claim." Opp'n at 2 n.1. This leaves only the breach-of-contract claim and the claim for violation of prompt-payment statute for resolution.

In spite of the above, Fisk asserts that it is still proper to name Webcor and Obayashi as defendants solely because of their status as members of the joint venture. In support, Fisk cites to authority noting that members of a joint venture may be held jointly and severally liable for the joint venture's obligations. *See Weiner v. Fleischman*, 54 Cal. 3d 476, 482 (1991) (stating that, from a legal standpoint, partnerships and joint ventures are virtually the same); Cal. Corp. Code § 16306(a) (providing, in relevant part, that "all partners are liable jointly and severally for all obligations of the partnership unless otherwise agreed by the claimant or provided by law"); *Myrick v. Mastagni*, 185 Cal. App. 4th 1082, 1091 (2010) (noting that one "incident of partnership is that all partners are jointly and severally liable for partnership obligations" and that the same is true for joint venturers).

In response, Defendants do not contest joint and several liability but suggest that members of a joint venture may be sued only in a separate proceeding after the joint venture is held to be liable and the assets of the joint venture are not enough to satisfy its liability to the plaintiff. *See* Reply at 4 (arguing that a "plaintiff must obtain, among other things, a *separate judgment* implicating individual liability, and *specific authorization* to levy on partner or member assets based on specified criteria") (emphasis added).

The Court finds that Fisk has the stronger position – *i.e.*, that a partner/joint venture member may be named as a defendant in the same proceeding against the partnership/joint venture, based solely on a joint and several liability theory. First, California Corporations Code § 16307(b) provides that "an action may be brought against the partnership and any or all of the partners in the same action or in separate actions." Cal. Corp. Code § 16307(b). This statute is based on the Revised Uniform Partnership Act ("RUPA") and the commentary for this part of the RUPA states:

> Subsection (b) . . . is intended to clarify that the partners *need not* be named in an action against the partnership. In particular, in an action against a partnership, it is not necessary to name a partner individually in addition to the partnership. This will simply and reduce the cost of litigation, especially in cases of small claims where there are known to be significant partnership assets and thus no necessity to collect the judgment out of the partners' assets.

RUPA § 307, Comment 2 (emphasis added). But simply because a partner need not be named

2

does not mean that a partner cannot be named. *See also* Cal. Code Civ. Proc. § 369.5 (providing that "[a] member of the partnership or other unincorporated association may be joined as a party in an action against the unincorporated association").

Second, § 16307(c) provides that "[a] judgment against a partnership is not by itself a judgment against a partner. A judgment against a partnership may be not satisfied from a partner's assets unless there is also a judgment against the partner." Cal. Corp. Code § 16307(c). The commentary for this part of the RUPA is instructive once again, noting that, under this part, "a partner must be individually named and served, *either* in the action against the partnership or in a later suit, before his personal assets may be subject to levy for a claim against the partnership." RUPA § 307, Comment 3 (emphasis added) (adding that "RUPA leaves it to the law of judgments, as did the UPA, to determine the collateral effects to be accorded a prior judgment for or against a partnership in a subsequent action against a partner individually"). Given the use of the term "either," it is proper for Fisk to name Webcor and Obayashi as defendants now as part of the proceeding against the WO Joint Venture.

Defendants point out that § 16307(d) states that "[a] judgment creditor of a partner may not levy execution against the assets of the partner to satisfy a judgment based on a claim against the partnership unless" certain conditions are met – *e.g.*, "[a] judgment based on the same claim has been obtained against the partnership and a writ of execution on the judgment has been returned unsatisfied in whole or in part." Cal. Corp. Code § 16307(d). The Court acknowledges § 16307(d) but nevertheless concludes that that provision does not preclude Fisk from naming Webcor and Obayashi as defendants now. Section 16307(d) would simply dictate that, if Fisk were to prevail here, it would have a judgment against the WO Joint Venture, Webcor, and Obayashi but, as an initial matter it could execute as to the WO Joint Venture only. Section 16307(d) governs the sequence of execution of a judgment, not when a judgment may be obtained.

Defendants argue still that naming Webcor and Obayashi as defendants would raise "significant liability and logistical burdens." Reply at 5. The Court does not agree, so long as it is clear from the complaint that the only basis on which Fisk seeks to hold Webcor and Obayashi liable is as members of the joint venture, who are jointly and severally liable for the obligations of

3

the joint venture.

Accordingly, the Court rules as follows. It is appropriate for Fisk to name Webcor and Obayashi as defendants to the breach-of-contract claim and the claim for violation of prompt-payment statute based on the joint-and-several liability theory. Nevertheless, the Court dismisses the claims and orders Fisk to file an amended complaint to clarify that this theory is the only basis for the two claims against Webcor and Obayashi. In the amended pleading, Fisk may also make the changes agreed to by the parties (*e.g.*, naming the correct Webcor entity, withdrawing the quantum meruit claim, and incorporating the warranty claim into the contract claim). The amended complaint shall be filed within two weeks of the date of this order.

For the foregoing reasons, the motion to dismiss is **GRANTED** with leave to amend. The hearing on the motion, which was set for April 16, 2019, is hereby **VACATED**.

This order disposes of Docket No. 24.

**IT IS SO ORDERED**.

Dated: March 27, 2019

_____
EDWARD M. CHEN
United States District Judge