UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FISK ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>OBAYASHI CORPORATION, et al.,<br><br>Defendants. | Case No. 18-cv-07671-EMC<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED THIRD-PARTY COMPLAINT**<br><br>Docket No. 111 |

Previously, the Court declined to exercise supplemental jurisdiction over the third party complaint ("3PC") that WOJV asserted against the TJPA. The Court noted, *inter alia*, that the 3PC was "far broader in scope than Fisk's complaint; in effect, Fisk's complaint against WOJV is but one piece of a much larger dispute that involves the TJPA, WOJV, and many subcontractors, including but not limited to Fisk." Docket No. 110 (Order at 9). The Court, however, did not express an "opinion on whether WOJV should be allowed to file an amended pleading, *i.e.*, to assert a more narrowly tailored 3PC against the TJPA." Docket No. 110 (Order at 13). Now pending before the Court is a motion by WOJV in which it seeks to file a more narrowly tailored 3PC. According to WOJV, it should be permitted "to file an amended, more narrowly tailored third-party complaint against TJPA for damages arising directly from Fisk's pass-through claims." Mot. at 1.

Having considered the parties' briefs and accompanying submissions, the Court finds the matter suitable for disposition without oral argument. WOJV's motion for leave to amend is hereby **DENIED**.

The Court acknowledges that, under Federal Rule of Civil Procedure 15, there is a liberal

approach to amendment. Nevertheless, the Court previously declined supplemental jurisdiction over WOJV's prior 3PC because, *inter alia*, there was a parallel duplicative action (covering the entire dispute related to the Transbay Project) in state court. This remains true, notwithstanding the fact that WOJV now proposes to limit its 3PC to disputes related to work done by Fisk. Moreover, although WOJV maintains the Fisk-related matters can be cleanly severed from the rest of the Transbay Project, it has not sufficiently demonstrated that such is possible. Indeed, as the TJPA points out,[1] WOJV argued otherwise in state court when it (successfully) opposed Fisk's motion to stay all claims between it and WOJV. *See* RJN, Ex. 2 (Opp'n at 11) (arguing that "it is clear that claims relating to Fisk cannot be wholly segregated from the remaining claims being asserted in the Consolidated State Litigation" because "Fisk's claims, and the claims against it, do not involve separate projects or timelines[;] [r]ather, the issues pertain to a very large project with multiple moving parts and parties, all of which are dependent or coexist with each other").

Finally, while Fisk and the TJPA would be prejudiced if amendment were permitted and the Fisk-related matters could not be cleanly severed, WOJV would suffer no prejudice if the Court were to deny amendment. WOJV has the alternative forum – *i.e.*, state court – where it initially filed suit against the TJPA. Nothing in this litigation will preclude WOJV from litigating its claims against the TJPA in state court.

This order disposes of Docket No. 111.

**IT IS SO ORDERED**.

Dated: April 8, 2021

_____
EDWARD M. CHEN
United States District Judge

---

[1] The Court need not decide whether the TJPA has standing to oppose the WOJV's motion. Even if the TJPA lacked standing, the Court could still consider the TJPA's papers as an amicus brief.